Labaree *v.* Brown.

## LABAREE *versus* BROWN.

By c. 128, §§ 1 and 2, R. S., any justice of the peace and of the quorum in the county where he resides shall have jurisdiction in all cases of forcible entry and detainer, except those arising within a city or town therein, in which a municipal or police court is or may be established; and on complaint made to him, in writing and on oath, &c., he shall issue his warrant, &c.

Under this chapter, a magistrate has no authority to issue a warrant, unless he receives the complaint on oath.

Where the judge of a police court issued a warrant, under this chapter, upon a complaint directed to him, but sworn to before a justice of the peace and of the quorum of another county, the proceedings before him were unauthorized and void.

ON REPORT from *Nisi Prius,* APPLETON, J., presiding.

COMPLAINT, for forcible entry and detainer, brought to recover possession of the New England House and lot in Bangor.

The complaint was directed to the judge of the police court of Bangor, and sworn to before a justice of the peace and quorum for the county of Lincoln in which the complainant resided.

The judge of the police court of Bangor, upon that complaint, issued his warrant, and at the return day the defendant appeared and pleaded in abatement to the process, which plea being overruled, he filed his plea of not guilty. Judgment of guilty was entered against him, from which he appealed.

The other facts in the case become unnecessary by reason of the grounds of the opinion.

*Knowles,* for the defendant.

The justice in Lincoln county had no jurisdiction of the

subject matter, and his act was void. *State* v. *McGrath,* 31 Maine, 469.

The complaint and warrant were parts of one process, and were to be made in the county where the land lies. The statute did not contemplate a divided jurisdiction between the two magistrates, and such a proceeding was wholly unauthorized; c. 128, § § 1 and 2; *State* v. *Coombs,* 32 Maine, 526.

*Fessenden,* for complainant.

The complaint was sworn to before a proper magistrate, and this is all the statute requires. It was directed to the judge, who issued the warrant. The complaint is in writing and on oath. R. S., c. 128, § 2.

This is a civil action. Its object is to ascertain in whom is the right of possession of real estate. But the complaint must be made under oath, and that too of the party, and cannot be done by attorney.

This complaint must be made to some magistrate in the county where the land lies. But the complainant may live in a remote part of the State, or may be unable from infirmity to travel, and shall not such a citizen have redress? Must he submit to the unlawful occupation of his property by another?

There may be reason, in a prosecution in behalf of the State, and where the prosecutor is not bound to pay costs if the complaint should prove groundless, that he should be subjected to some examination by the justice, prior to issuing the warrant, regarding the circumstances of the case. But where the prosecutor, as in this case, is in fact the plaintiff in a civil action, subject to costs if his claim is unfounded, the warrant should issue, as of course, if the plaintiff is ready to make oath to a complaint drawn in proper form, and the justice would act with gross disregard of the plaintiff's rights, if he should refuse under such circumstances, to issue the warrant. Any cross-examination of the plaintiff by the justice would be useless at least. He would not and should not be allowed to prejudge the plaintiff's rights

before the trial.　One justice, then, may as properly administer the oath as another.

Tenney, J. — The Revised Statutes, c. 128, §§ 1 and 2, provide, that any justice of the peace and of the quorum, in the county in which he resides, shall have jurisdiction in all cases of forcible entry and detainer, except those arising within a city or town therein, in which a municipal or police court is or may be established.　On complaint made to him, in writing and on oath, &c., he shall issue his warrant, &c. No other statute now in force contains any other provision, touching the jurisdiction of justices of the peace and of the quorum, or judges of municipal or police courts.

The obvious construction of the sections of the statute referred to, is, that the magistrate, who has authority to issue his warrant, is required to receive the complaint on oath. It is believed, that in all cases where complaints have been made to a justice of the peace, that the warrant has been issued by him and by no other, unless where the statute has expressly otherwise provided.

In the case at bar, the warrant having been issued by the judge of the police court in the city of Bangor, in the county of Penobscot, upon a complaint sworn to before a justice of the peace and of the quorum of the county of Lincoln, the proceedings are unauthorized, and the judge of the police court has no jurisdiction.　　　*Complaint dismissed.*

Shepley, C. J., and Rice and Appleton, J. J., concurred.